## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**THOMAS B. MOWREY**                                        **CIVIL ACTION**

**VERSUS**                                                          **NO. 18-260-SDD-RLB**

**MARTHA JEAN HARRIS**

<u>**NOTICE**</u>

Please take notice that the attached Magistrate Judge's Report and Recommendations has been filed with the Clerk of the U.S. District Court.

In accordance with 28 U.S.C. §636(b)(1), you have fourteen (14) days from date of receipt of this notice to file written objections to the proposed findings of fact and conclusions of law set forth in the Magistrate Judge's Report. A failure to object will constitute a waiver of your right to attack the factual findings on appeal.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on October 17, 2018.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**THOMAS B. MOWREY**                        **CIVIL ACTION**

**VERSUS**                                  **NO. 18-260-SDD-RLB**

**MARTHA JEAN HARRIS**

## REPORT AND RECOMMENDATION

The plaintiff, proceeding pro se and in forma pauperis, filed the complaint on March 7, 2018.  On March 27, 2018, the plaintiff filed proof of service on the defendant. (R. Doc. 4).

This court issued an order setting a telephone scheduling conference for June 21, 2018 and ordered that a joint status report be filed by June 7, 2018.  The order stated that it was the duty of the plaintiff to prepare, sign, and file the status report in accordance with Attachment A. (R. Doc. 6).  The telephone scheduling conference set for June 21, 2018 was reset for July 12, 2018, and then to August 2, 2018 as no responsive pleadings had been filed by the defendant.

On July 30, 2018, as there had been no answer filed or request for entry of default as to the defendant as of that date, the Court reset the telephone scheduling conference for August 30, 2018 with the status report due August 16, 2018.  The Court informed the plaintiff that "Failure to file the Joint Status Report may result in a show cause order issued to the plaintiff." (R. Doc. 10).  In addition, the Court ordered that "…on or before August 16, 2018, plaintiff shall show cause, in writing, why the claim against the defendant should not be dismissed under Local Rule 41(b) where no responsive pleadings have been filed or no default has been entered within sixty days after service of process, except when Fed. R. Civ. P. 12(a)(3) applies or a dispositive motion is pending." No action was taken by the plaintiff.

On August 21, 2018, the Court issued an order (R. Doc. 11) canceling the telephone scheduling conference set for August 30, 2018.  The order stated that "A review of the Court's

Docket Sheet reflects that the status report has not been filed as ordered by the Court on July 30, 2018. (R. Doc. 10).  In addition, a further review of the Court's Docket Sheet indicates that there has been no answer filed or request for entry of default as to the Defendant as of this date."

In the Court's order dated August 21, 2018 (R. Doc. 11), the Court ordered that "on or before **September 4, 2018**, plaintiff(s) shall show cause, **in writing**, why sanctions should not be imposed against plaintiff Thomas B. Mowrey, for plaintiff's failure to file the status report as directed.  If the status report is filed into the record by **September 4, 2018**, then no response is due from plaintiff to this part of the order to show cause."

The Court also ordered plaintiff to show cause why his claims asserted against defendant Martha Jean Harris should not be dismissed under Local Rule 41(b).  Plaintiff was advised that a failure to file a written response to this Order within the time allowed may result in the dismissal of his claims against the defendant without further notice from the Court.

The plaintiff has failed to file the status report and has failed to file a response to the Court's show cause order. (R. Doc. 11).

The plaintiff has taken no other action in this case since the plaintiff filed a notice of change of address on June 18, 2018. (R. Doc. 8).  The plaintiff has repeatedly ignored orders issued by the court.  As a practical matter, the case cannot proceed against the defendant if the plaintiff does not prosecute it or respond to the court's orders regarding disposition of the case. The plaintiff's failure to prosecute his own claims effectively deprives the defendant of the opportunity to defend herself from the allegations made against her.  The plaintiff has repeatedly failed to respond to court orders and has failed to prosecute this action.

## **RECOMMENDATION**

It is the recommendation of the magistrate judge that the plaintiff's complaint be dismissed without prejudice.

Signed in Baton Rouge, Louisiana, on October 17, 2018.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**